UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UPSTATE NEW YORK CARPENTERS PENSION
FUND and the EMPIRE STATE CARPENTERS
WELFARE, ANNUITY and APPRENTICE TRAINING
FUNDS, by Patrick Morin and Lloyd Martin, as Trustees,
and the EMPIRE STATE REGIONAL COUNCIL OF
CARPENTERS, REGION 3, CARPENTERS LOCAL
NO. 747, by Gary Toth, Senior Council Representative.

                        **Plaintiffs,**

    vs.

THE MBE GROUP, INC., KNOFI McCLARY, PAC &
ASSOCIATES OF OSWEGO, INC. and LIBERTY
MUTUAL INSURANCE COMPANY,

                        **Defendants.**

5:08-CV-00129
(NAM/GHL)

---

**APPEARANCES:**

Archer, Byington, Glennon & Levine, LLP.
425 Broadhollow Road, Suite 405
P.O. Box 9064
Melville, New York 11747-9064
Attorneys for Plaintiffs

Alario & Associates, P.C.
500 South Salina Street, Suite 740
Syracuse, New York 13202
Attorneys for Defendants

**OF COUNSEL:**

John H. Byington, Esq.

Linda E. Alario, Esq.

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

    This is an action under the Employee Retirement Income Security Act of 1974,

("ERISA"), 29 U.S.C. § 1001 *et seq* and the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 141 *et seq*. In their amended complaint (Dkt. No. 8), plaintiffs claim that The MBE Group, Inc. ("MBE") and Knofi McClary ("McClary") failed to make timely contributions and deductions to ERISA-covered employee benefit plans in accordance with the terms of a collective bargaining agreement. *See* 29 U.S.C. §§ 1132(g)(2); 1145. Presently before the Court are two motions. Defendants PAC & Associates of Oswego, Inc. ("PAC") and Liberty Mutual Insurance Company ("Liberty") move for default judgment on their cross claim for indemnification against defendant McClary pursuant to Rule 55 of the Federal Rules of Civil Procedure.[1] (Dkt. No. 25). Plaintiffs move for default judgment against defendants MBE and McClary pursuant to Rule 55 of the Federal Rules of Civil Procedure seeking to collect delinquent fringe benefit contributions, deductions, interest, liquidated damages, attorneys' fees and costs. (Dkt. No. 26).

**II.   FACTS**

The Court has taken the facts set forth below from plaintiffs' and defendant PAC and Liberty's pleadings and submissions.[2] Plaintiffs aver that MBE is a party to a collective bargaining agreement (the "Agreement") with Empire State Regional Council of Carpenters, Local 747 ("Union"). Defendant McClary was the President, manager, and/or controlling shareholder and/or officer of MBE.

The Agreement obligates MBE to remit fringe benefits, contributions and deductions to plaintiffs for all hours worked by employees who are covered by the Agreement, i.e., performing bargaining unit work. Pursuant to the Agreement, defendants MBE and McClary are bound by the terms and conditions of the Amended and Restated Agreements and Declaration of Trusts of

---

[1] PAC and Liberty do not seek a default judgment on the cross claim against MBE.

[2] Defendants have submitted no contrary evidence as to the material facts.

2

the Upstate New York Carpenters Pension, Annuity, Health and Welfare Funds, the Collections Policy of the Upstate New York Carpenters' Health, Pension and Annuity Funds, and the Agreement and Declaration of Trust of the Empire State Carpenters Apprenticeship Committee ("Trusts" and "Collections"). The Agreements, Trusts and Collections and 29 U.S.C. § 1132(g)(2) obligate defendants, if delinquent in remitting contributions and deductions, to pay the delinquent amount as well as interest, liquidated damages, attorneys' fees and costs.

According to defendants PAC and Liberty, employees of MBE performed work at a public improvement project known as Riggs Hall Rehabilitation - General Construction and Abatement Work at SUNY Oswego ("the Project"). MBE was a subcontractor to PAC. Liberty was the surety on the labor and material payment bond furnished by PAC for the Project.

On May 16, 2008, plaintiffs commenced this action to collect the delinquent contributions and deductions as well as applicable interest, liquidated damages, costs and fees of collection, and attorneys' fees. On June 2, 2008, defendants PAC and Liberty Mutual Insurance Company served an answer to the complaint with a cross claim against MBE and McClary. The relevant portions of the cross claim are as follows:

> At all times pertinent herein, PAC was party to an agreement with the Dormitory Authority of the State of New York for general construction work on the Project.
>
> PAC subcontracted a portion of its work on the Project to MBE.
>
> Upon information and belief, and in the event that plaintiffs recover a judgment against PAC and/or Liberty, it shall be as a result of MBE's breach of the Subcontract by failing to pay for all labor under the Subcontract including wages and fringe benefits and/or as a result of their breach of fiduciary duties as alleged in the fourth claim for relief in plaintiffs' complaint.
>
> By reason of the above, in the event that PAC and/or Liberty is found to be liable to plaintiffs and plaintiffs recover a judgment against

3

>either or both of them, they are entitled to indemnification from and/or judgment over against MBE and Knofi McClary.

(*See* Defendants' Answer to First Amended Complaint with Cross Claim (Dkt. No. 12), paragraph numbers omitted).

Defendants MBE and McClary have not answered or otherwise moved with respect to the complaint or cross claim. On July 30, 2008, plaintiffs obtained a clerk's entry of default against defendants MBE and McClary. On November 14, 2008, defendants PAC and Liberty obtained a clerk's entry of default against defendants MBE and McClary on the cross claim.

On October 28, 2008, PAC paid plaintiffs $10,010.42 in full settlement of plaintiffs' claims against PAC and Liberty. On December 8, 2008, defendants PAC and Liberty filed a motion for default judgment against defendant McClary. Defendants seek damages in the amount of $10,010.42.[3]

On December 15, 2008, plaintiffs filed a motion for default judgment against defendants MBE and McClary. As to defendant MBE, plaintiffs seek damages in the amount of $9,341.40, which, when broken down, represents: $5,500.00 in fringe benefit contributions and deductions (the amount of unpaid contributions and deductions less the $10,010.42 settlement); $3,152.55 in interest; $688.85 in liquidated damages. In addition, plaintiffs seek $8058.00 in attorneys' fees and costs against MBE. As to defendant McClary, plaintiffs seek damages in the amount of $6,447.14, which, when broken down, represents: $3,204.73 in unpaid contributions (the amount of unpaid contributions and deductions less $10,010.42 settlement); $2,684.20 in interest; and $558.21 in liquidated damages. In addition, plaintiffs seek $8058.00 in attorneys' fees and costs against McClary.

---

[3] Defendants PAC and Liberty do not seek attorneys' fees or costs.

**III.    DISCUSSION**

    **A.    Jurisdiction**

This Court has subject matter jurisdiction as the action arises under ERISA.

    **B.    Default Judgment**

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 (N.D.N.Y. 1987). Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiffs filed an amended summons and complaint on May 16, 2008. On May 27, 2008, defendants MBE and McClary waived service of process pursuant to Fed. R. Civ. P. 4(d). Plaintiffs aver defendants MBE and McClary never answered or otherwise moved with respect to the complaint, thus on July 30, 2008, plaintiffs requested a clerk's entry of default. Said default was entered on July 30, 2008.[4] On December 15, 2008, plaintiffs filed a notice of motion for default judgment pursuant to Fed. R. Civ. P. 55(a) and 55(b)(2).

On June 2, 2008, defendants PAC and Liberty filed an answer to plaintiffs' amended complaint with a cross claim. On August 26, 2008, the answer with cross-claim were personally served upon defendants MBE and McClary. Defendants PAC and Liberty aver that MBE and

---

[4] Rule 12(a) of the Federal Rules of Civil Procedure requires a response within twenty days after service.

5

McClary never answered or moved on the cross-claim, thus on November 12, 2008, defendants PAC and Liberty requested a clerk's entry of default. Said default was entered on November 14, 2008. On December 8, 2008, defendants PAC and Liberty filed a notice of motion for default judgment.

Therefore, plaintiffs and defendants PAC and Liberty have fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages as they pertain to each motion separately.

### C.     Plaintiffs' Motion

#### 1.     Liability

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y. 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)). The allegations in plaintiffs' complaint and supporting papers are therefore presumed accurate.

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Further, where the contract between the parties classifies unpaid contributions as trust assets, the controlling officer of the company is a fiduciary individually liable for a delinquency if he withholds contributions from the plans. *NYSA-ILA Med. and Clinical Servs. Fund v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or

control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

Here, according to the complaint, defendant MBE employed individuals covered by employee benefit plans and multi-employer plans maintained pursuant to the Agreement. Under the Agreements, Trusts, and Collections Policy, defendants MBE and McClary are required to pay contributions and deductions on behalf of covered employees. Plaintiffs assert that defendants MBE and McClary failed to timely make the required contributions and deductions from January 2007 through March 2007 and August 2007. Therefore, defendants' conduct, as alleged, stands in violation of ERISA. By failing to answer plaintiffs' complaint or oppose this motion, defendants MBE and McClary have effectively conceded that they are bound by the terms of the Agreement with plaintiffs or their representatives, and are liable for the entire amount of benefits, contributions and deductions as assessed by plaintiffs, as well as interest, liquidated damages, costs, and attorneys' fees.

Additionally, according to the complaint, unpaid contributions are plan assets, and McClary, who had managerial discretion and control over MBE, commingled, or permitted commingling of the assets, used assets to pay other creditors instead of paying the plan and diverted the assets for his own personal use or to satisfy other obligations. Defendant McClary may therefore be held personally liable under ERISA.

### 2. Damages

Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs to enforce an employer's obligations to remit contributions in accordance with the terms Agreement and Declaration of Trust, to wit, delinquent contributions, interest, liquidated damages, and

attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2)(A-D).[5]  However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*.

In this case, plaintiffs attempt to introduce facts through the affidavit of attorney John Byington.  Attorney Byington claims to, "have personal knowledge of the matter set forth herein, as legal counsel for the plaintiff Union and Fringe Benefit Funds and based on direct discussions with defendant Knofi McClary . . . concerning the delinquent fringe benefit contributions and deductions . . .".  The Court finds these conclusory assertions to be insufficient evidence of damages.  An affidavit made on hearsay is not made on "personal knowledge".  *See Evans v. Credit Bureau*, 904 F.Supp. 123, 127 (W.D.N.Y. 1995).  Moreover, the matters described in counsel's affidavit, including plaintiffs' dealings with defendants and the calculations of damages, are not matters which the attorney can, "in any legally sufficient sense possess personal knowledge".  *See Bella v. Metro. Life Ins. Co.*, 1999 WL 782132, at *4 (W.D.N.Y. 1999).

---

[5] In relevant part,  29 U.S.C. § 1132(g)(2) provides:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan--
    (A)    the unpaid contributions,
    (B)    interest on the unpaid contributions,
    (C)    an amount equal to the greater of--
        (i)    interest on the unpaid contributions, or
        (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D)    reasonable attorney's fees and costs of the action, to be paid by the  defendant, and
    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Attorney Byington asserts that Joseph W. McCarthy completed an audit of MBE's books and records. According to the complaint, plaintiffs Patrick Morin and Lloyd Martin are the Trustees of the Funds and plaintiff Gary Toth is Senior Council Representative of the Union. These individuals undoubtedly possess more reliable information concerning plaintiffs' claimed damages, however, the record is devoid of any evidence or affidavit from the aforementioned individuals. *See Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 448-49 (W.D.N.Y. 1997) (holding that an attorney's affidavit not based on personal knowledge is an impermissible substitute for the personal knowledge of a party). Consequently, the Court has no competent admissible evidence upon which to base an award of damages.

Further, while the Court "may conduct [a] hearing[]" to resolve issues of damages, plaintiffs have not requested a hearing. Moreover, in light of the specific nature of the damages sought, the Court finds that a hearing is not an appropriate procedure through which to assess damages in this case. *See* Fed. R. Civ. P. 55(b). Accordingly, plaintiffs' request for entry of judgment against defendants MBE and McClary is denied with leave to reapply with competent admissible evidence of damages.

Plaintiffs also seek attorneys' fees and costs against MBE and McClary. There is evidence in admissible form regarding attorneys' fees and costs. The Court will, however, refrain from calculating any award at this time and instead await plaintiffs' supplemental submissions regarding admissible evidence damages.

**D.     Defendants' Motion**

Defendants' PAC and Liberty move for default judgment on the cross claim based upon a Subcontract for work on the Project. Defendants seek a sum certain, the amount of the settlement entered into between PAC and plaintiffs

9

Based upon the lack of evidence in the record, the Court is unable to award defendants the relief sought herein. The record does not contain a copy of the Subcontract. Moreover, defendants' (PAC and Liberty) Answer with Cross Claim and submissions on the motion do not contain any summary of the Subcontract, language from the Subcontract or quotations and/or references to the Subcontract. As defendants PAC and Liberty are seeking damages in the full amount of the settlement, the Court is particularly concerned with PAC and Liberty's contentions that the Subcontract allegedly entitles defendants PAC and Liberty to indemnification from and/or judgment over against MBE and McClary, "in the event that plaintiffs recover a judgment against PAC and/or Liberty". *See Kuklachev v. Gelfman*, 2007 WL 971677, at *1 (E.D.N.Y. 2009) (the Court granted the defendants' motion to vacate a default based upon a clause in the agreement that called for indemnification only when a suit resulted in judgment). As it presently exists, there is nothing in the record suggesting that defendants PAC and Liberty are entitled to the relief sought herein. Consequently, defendants motion for default judgment is denied with leave to renew with competent admissible evidence.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendants MBE and McClary in failing to answer the amended complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendants on July 30, 2008, and no appearance or objection having been made by defendants since that time, plaintiffs' motion for default judgment (Dkt. No. 26) against defendants MBE and McClary is **GRANTED**; and it is further

**ORDERED** that plaintiffs' motion (Dkt. No. 26) is otherwise **DENIED** with leave to reapply for damages on or before November 1, 2009; and it is further

**ORDERED** that defendants' (PAC and Liberty) motion on its cross claim (Dkt No. 25) is **DENIED** with leave to renew on or before November 1, 2009.

**IT IS SO ORDERED**.

Date:  September 28, 2009

Norman A. Mordue
Chief United States District Court Judge