UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UPSTATE NEW YORK CARPENTERS PENSION
FUND and the EMPIRE STATE CARPENTERS
WELFARE, ANNUITY and APPRENTICE TRAINING
FUNDS, by Patrick Morin and Lloyd Martin, as Trustees,
and the EMPIRE STATE REGIONAL COUNCIL OF
CARPENTERS, REGION 3, CARPENTERS LOCAL
NO. 747, by Gary Toth, Senior Council Representative.

                                      **Plaintiffs,**

    vs.

THE MBE GROUP, INC., KNOFI McCLARY, PAC &
ASSOCIATES OF OSWEGO, INC. and LIBERTY
MUTUAL INSURANCE COMPANY,

                                **Defendants.**

5:08-CV-00129
(NAM/GHL)

_____

**APPEARANCES:**                                 **OF COUNSEL:**

Levy Ratner, P.C.                         Owen M. Rumelt, Esq.
80 Eighth Avenue, 8th Floor
New York, New York 10011
*Attorneys for Plaintiffs*

Alario & Associates, P.C.                Linda E. Alario, Esq.
500 South Salina Street, Suite 740
Syracuse, New York 13202
*Attorneys for Defendants*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      This is an action under the Employee Retirement Income Security Act of 1974,

("ERISA"), 29 U.S.C. § 1001 *et seq* and the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 141 *et seq*. In their amended complaint (Dkt. No. 8), plaintiffs claim that defendants

failed to make timely contributions and deductions to ERISA-covered employee benefit plans in accordance with the terms of a collective bargaining agreement. *See* 29 U.S.C. §§ 1132(g)(2); 1145.

Familiarity with the background in this case is assumed based on this Court's previous Memorandum-Decisions and Orders. *See Upstate New York Carpenters Pension Fund and the Empire State Carpenters Welfare, Annuity and Apprentice Training Funds, by its Trustees, et. al. v. The MBE Group, Inc., Knofi McClary, PAC & Associates of Oswego, Inc. and Liberty Mutual Insurance Company*, 08-CV-0129, Dkt. No. 28 (September 28, 2009) (Memorandum-Decision and Order) and *Upstate New York Carpenters Pension Fund and the Empire State Carpenters Welfare, Annuity and Apprentice Training Funds, by its Trustees, et. al. v. The MBE Group, Inc., Knofi McClary, PAC & Associates of Oswego, Inc. and Liberty Mutual Insurance Company*, 08-CV-0129, Dkt. No. 34 (September 29, 2010) (Memorandum-Decision and Order). In the Memorandum-Decision and Order dated September 28, 2009, the Court granted plaintiffs' motion for default judgment against The MBE Group, Inc. ("MBE") and Knofi McClary ("McClary"). However, due to insufficient evidence, the Court directed plaintiffs to reapply for an award of damages on or before November 1, 2009. In the Memorandum-Decision and Order dated September 29, 2010, the Court denied plaintiffs' second motion for a default judgment due to insufficient evidence and conflicting submissions. Accordingly, plaintiffs were directed to make a proper motion and incorporate all papers and exhibits.[1]

## II.    DISCUSSION

---

[1] On November 30, 2010, this Court scheduled a hearing on the issue of damages for December 17, 2010. In lieu of a personal appearance, plaintiffs' counsel renewed their motion for a default judgment. (Dkt. Nos. 40 and 41). In view of the affidavits and documentary evidence submitted by plaintiffs, a hearing to ascertain the damages in this case is unnecessary.

On December 10, 2010, plaintiffs filed a Notice of Renewal of Motion for Entry of Default Judgment. (Dkt. Nos. 40, 41). Plaintiffs seek an entry of judgment, in their favor, in the amount of $16,879.89. In support, plaintiffs provide the Declaration of Nathan T. Bradley, the Collections Coordinator of the Empire State Carpenters Pension, Welfare, Annuity, Charitable Trust, Scholarship, Apprenticeship Training, and Labor-Management Cooperation Funds. In the Notice of Motion, counsel also incorporates, by reference, the Attorney Affidavit of John H. Byington and the exhibits annexed thereto.[2] This is the third application in support of plaintiffs' request for damages. Defendants have failed to respond to any application.

In relevant part, 29 U.S.C. § 1132(g)(2) provides:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan-

    (A)    the unpaid contributions,
    (B)    interest on the unpaid contributions,
    (C)    an amount equal to the greater of--
        (i)    interest on the unpaid contributions, or
        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

**A.     Damages Derived from Failure to Pay Contributions**

---

[2] These exhibits included a copy of the CBA, Remittance Reports, Audit Reports and the Collections Policy.

Plaintiffs allege that defendants currently owe $5,500.00 in unpaid benefit contributions, $1,100.00 in liquidated damages and $3,016.89 in interest. In his affidavit, Mr. Bradley states that he has personal knowledge of the amount currently owed by defendants. Among the documentary evidence provided by plaintiffs are calculations of damages at the foregoing rates of interest and liquidated damages.

Section 1132(g)(2)(A) refers to "unpaid contributions". Based upon the submissions and documentary evidence, plaintiffs are entitled to recover the amount of $5,500.00 in unpaid contributions owing under the relevant Agreement in this action. 29 U.S.C. §§ 185 and 1132(g)(2)(A); *see also Lanzafame v. Diamond Exterior Restoration Corp*., 2006 WL 2265054, at *3-4 (E.D.N.Y. 2006). Plaintiffs are also entitled to interest on unpaid contributions. 29 U.S.C. § 1132(g)(2)(B). The rate of interest to be applied to such an award is governed by the relevant Agreements. *See id.* Mr. Bradley stated that the Fund's interest rate is 1% per month and plaintiffs have submitted exhibits in support of that assertion. Plaintiffs seek interest in the sum of $3,016.89.00 calculated from January 2007 until December 2010, and continuing on the unpaid contributions at the rate of $1.80 per day from December 7, 2010 thru the date of judgment herein, which comports with the Agreement.

Plaintiffs also seek liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C). Based upon the Agreement, liquidated damages are calculated at a rate of twenty percent of the amount of unpaid contributions. Accordingly, plaintiffs are entitled to $1,100.00 in liquidated damages.

**B.     Attorney's Fees and Costs**

4

Pursuant to 29 U.S.C. § 1132(g)(2)(D), plaintiffs are also entitled to seek attorneys' fees and costs associated with their efforts to collect the delinquent contributions. Plaintiffs presently request attorneys' fees and costs associated with their efforts in the instant matter in the amount of $7,259.00. Plaintiffs submit detailed time records that demonstrate that 29.40 attorney hours were spent on this matter. Plaintiffs purport to have arrived at the $7,259.00 figure based on the work of one attorney, and have submitted a schedule representing the time, and costs incurred by between February 2008 and November 2008 as a result of defendants' failure to pay its contributions. The total amount breaks down as follows:

| | | | |
|---|---|---|---|
| Attorney John H. Byington, III | 29.40 hours | x $235.00/hr | = $6,909.00 |
| Costs | | | = $   350.00 |
| Total | | | = $7,259.00 |

With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The prevailing community is the district in which the court sits. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). In this District, the prevailing rates are currently $210.00 per hour for the most experienced attorneys, $150.00 per hour for attorneys with four or more years of experience, $120.00 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals. *Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Reape*, 2008 WL 2385908, at *4 (N.D.N.Y. 2008) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 2005 WL 670307 at *6).

5

In this case, Attorney Byington has averred that he has been practicing labor and employment law since 1988. While plaintiffs are entitled to attorneys' fees in connection with this action, Attorney Byington's hourly rate differs from the prevailing rates in this District. Therefore, the Court will recalculate the attorney's fees using the hourly rates. *See Engineers Joint Welfare*, 2008 WL 2385908, at \*4. Plaintiffs also seek reimbursement for court costs in the amount of $350.00. ERISA authorizes the award of costs of an action in conjunction with attorneys' fees. *See* 29 U.S.C. § 1132(g)(2)(D). The Court finds these costs reasonable. Accordingly, the award of attorneys' fees is $6,174.00 (29.40 x $210) for Attorney Byington's services, plus $350.00 in costs for a total of $6,524.00.

### III. CONCLUSION

It is therefore

**ORDERED** that plaintiffs' motion (Dkt. Nos. 40 and 41) is granted; and it is further

**ORDERED** that plaintiffs are awarded judgment against defendants The MBE Group, Inc. and McClary, for the sum of $16,190.89 representing $5,550.00 in unpaid contributions, $3,016.89 in interest through December 7, 2010, $1,100.00 in liquidated damages, and $6,524.00 in attorneys' fees and costs through November 2008; and it is further

**ORDERED** that plaintiffs are awarded interest for the time period beginning December 7, 2010 through the date judgment is entered in the amount of $1.80 per day.

**IT IS SO ORDERED.**

Date: March 4, 2011

Norman A. Mordue
Chief United States District Court Judge